**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS   DIVISION**

**BILLY MINH LE**                    )
                                     )
**v.**                               )         **3:07-CV-192-G**
                                     )
**WARDEN DAVID BERKEBILE**           )

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation

thereof, this case has been referred to the United States Magistrate Judge.  The findings, conclusions

and recommendation of the Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS**:

**Type Case**: This is a petition for habeas corpus relief filed by a federal inmate pursuant to

28 U.S.C. § 2241.

**Parties**: Petitioner is an inmate confined at FCI Seagoville at Seagoville, Texas.

Respondent is the Warden at FCI Seagoville.

**Statement of the Case**: Billy Minh Le is confined as an inmate pursuant to a conviction

imposed by the U. S. District Court for the Western District of Oklahoma.  On January 25, 2006, he

was charged with a prison disciplinary violation, and following a hearing on February 27, 2006, he

was found guilty and administrative sanctions were imposed, including a loss of good conduct credit.

Le appealed the disciplinary action and exhausted available administrative remedies.  He then

filed his petition in this action on January 29, 2007.  Warden Berkebile filed his response on March

8, 2007 and Le filed his reply on March 21, 2007.

**Findings and Conclusions**: As a result of the disciplinary proceeding held on February 27,

2006, Le was found guilty of possession of a weapon and possession of gambling paraphernalia and as a sanction lost 54 days of good conduct time.  See Exhibit C to petition.  The loss of credits against a sentence implicates a prisoner's right to procedural due process.  See Superintendent, Massachusetts Correctional Institution, Walpole v. Hill, 472 U.S. 445, 454 (1985).  A disciplinary action cannot be sustained unless the findings are supported by "some evidence" in the record.  See also Reeves v. Pettcox, 19 F. 3rd 1060, 1062 (5th Cir. 1994), citing Smith v. Rabalais, 659 F. 2nd, 545 (5th Cir. 1981). ("{T]he court may act only where arbitrary or capricious action is shown . . . .This means the prison disciplinary proceedings will be overturned only where there is no evidence whatsoever to support the decision of prison officials.")

In his petition Le posits that the location where the contraband was discovered was accessible to other inmates and that he must have been "set up."  As reflected in the record of the disciplinary hearing, he reiterates the bases for his denial of the charge.  The disciplinary hearing officer (DHO) considered Le's denial of the charge together with the contents of the incident report, a photograph of the weapon and the gambling slips and concluded that the evidence of Petitioner's guilt was supported by the greater weight of the evidence, Exhibit C, supra at page 3.

The fact that the DHO rejected Petitioner's claim of innocence does not render the decision devoid of evidence to sustain the sanction.  The fact that Le followed the correctional officer to his bunk area rather than remaining in the T.V. room is somewhat unusual as well as his attempts to come into the room while his bunk area was being searched.  Notwithstanding the fact that his bunk was not inaccessible to other inmates, the fact remains that the weapon was hidden from view on or about his bunk and the betting slips were found under his bunk.  The fact that he asked the correctional officer whether he would be locked up before being told that contraband had been found

is also inconsistent with his claimed ignorance of its presence on or about his bed.  Although he claimed to have been "set up," he did not provide the DHO with anything to suggest that the charging officer fabricated the charge or to identify any animus between himself and another inmate which might have motivated the latter to have secreted the contraband at his bunk.  Finally, the DHO had the opportunity to observe Le's appearance and demeanor when he appeared and presented his claim of innocence.

While it is impossible to determine the DHO's mental processes by which he concluded that Petitioner was guilty, there is sufficient evidence in the record to support the decision and therefore judicial relief is foreclosed.

**RECOMMENDATION**:

For the foregoing reasons, the petition should be denied and dismissed.

A copy of this recommendation shall be transmitted to Petitioner and counsel for Respondent.

SIGNED this 28th day of March, 2007.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation.  Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a de novo determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.